FILED
February 09, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003271260

**4**

MARK L. POPE, #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, CA 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for August B. Landis,
Acting United States Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MARIA GRISELDA SAUCEDO,<br><br><br><br><br>Debtor. | Case No. 10-60044-B-7<br>Chapter 7<br>DC No. UST-1<br><br>Date: April 7, 2011<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>    1300 18th Street, Suite A<br>    Bakersfield, California<br><br>Judge: W. Richard Lee |

### UNITED STATES TRUSTEE'S MOTION
### FOR REVIEW OF FEES PURSUANT TO 11 U.S.C. § 329

TO THE HONORABLE W. RICHARD LEE, UNITED STATES BANKRUPTCY JUDGE:

August B. Landis, the Acting United States Trustee, files this motion for review of fees in the case of Maria Griselda Saucedo (the "Debtor") pursuant to 11 U.S.C. § 329(b) as follows:

The Motion requests that fees paid to bankruptcy counsel for the Debtor, Carl A. Lux, Esq., 2135 Santa Anita Avenue, Altadena, California 91001, be reviewed in this case and that, to the extent paid, fees in the amount of $200 be ordered disgorged by Carl A. Lux ("Lux") to the Debtor pursuant to 11 U.S.C. §329(b) and Rule 2017 of the Federal Rules of Bankruptcy Procedure. If no fees have been paid by the Debtor, the amount owing to Lux should be reduced by $200.

1

I.  **STATEMENT OF FACTS**

A voluntary petition for liquidation under chapter 7 was filed by attorney Lux on behalf of the Debtor on August 30, 2010 (the "Petition Date".) Lux signed the petition with "/s/" as counsel of record for the Debtor.

Filed with the petition was an attorney's Disclosure of Compensation stating the Debtor agreed to pay Carl A. Lux $899 in relation to this case.[1] See concurrently filed *Request For Judicial Notice,* **Exhibit "1"** - copy of the Disclosure of Compensation filed in this case.

Also on August 30, 2010, an application for waiver of the chapter 7 filing fee was filed on behalf of the Debtor.

The docket in this case shows that the Bankruptcy Court Clerk "[c]ontacted Barbara from the Law Office of Carl Lux on 8/31/2010 regarding the failure to submit a proposed Order" on the fee waiver application. See concurrently filed *Request For Judicial Notice,* **Exhibit "2"** - copy of the docket in this case.

On September 30, 2010, an order was entered denying the application for fee waiver because "Debtor's counsel has failed to respond to the clerk's office request to submit a proposed order". *Request for Judicial Notice,* **Exhibit "3"** - copy of Order denying the Debtor's fee waiver application.

On October 1, 2010, an Order approving payment of filing fee in installments was entered, with the first payment due on November 1, 2010. A review of the docket in this case indicates that no payment was made on the chapter 7 filing fee.

The 341(a) meeting of creditors was held and concluded on October 26, 2010, and the last day to oppose discharge was December 27, 2010.

On January 26, 2011, a new application for waiver of the chapter 7 filing fee was filed on

---

[1] It is unclear from the record whether the Debtor paid has paid any of the agreed fees to Lux. The Disclosure of Compensation states the $899 was agreed to be paid, but also indicates at number 2. that the "source of the compensation paid to me was" the Debtor. Further, the Statement of Financial Affairs, at number 9., indicates there was no payment in relation to the bankruptcy case within 1 year before the case was filed.

2

behalf of the Debtor.  This second fee waiver application was granted on February 7, 2011.

The Debtor's discharge was entered on February 9, 2011.

Under the facts of this case, including the delay in entry of the Debtor's discharge and the administration of this case, the United States Trustee requests that the fees of Carl A. Lux be reviewed and that fees, if paid, be disgorged to the Debtor in the amount of $200.  If no fees have been paid, the amount owing to Lux should be reduced by $200.

## II. AUTHORITY AND ARGUMENT

Section 329(b) of the Bankruptcy Code provides that where an attorney's agreement for compensation in connection with a case:

> "exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –
> (1) the estate, if the property transferred –
> (A) would have been property of the estate; or
> (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
> (2) the entity that made such payment."

11 U.S.C. §329(b)

Rule 2017(a) of the Federal Rules of Bankruptcy Procedure further provides that on motion of any party in interest or on the court's own initiative, after notice and a hearing, the court may determine whether any payment of money or any transfer of property made by a debtor in contemplation of the filing of a bankruptcy petition to an attorney, for services rendered or to be rendered, is excessive.

This Debtor's discharge and the administration of this case were delayed by the failure of attorney Carl A. Lux to provide the required order in conjunction with the original fee waiver application, even after being contacted by the Bankruptcy Court Clerk's office.  The original fee waiver application was denied, and a new fee waiver application was not submitted until nearly 5 months after the case was filed.

The initial burden under section 329(b) is on the attorney to justify the compensation charged in connection with a bankruptcy case.  *In re Jackson*, 253 F.3d 438, 443 (9th Cir. 2001);

*In re Mahendra*, 131 F.3d 750, 757 (8th Cir. 1997); *In re Bashan*, 208 B.R. 926, 931-932 (B.A.P. 9th Cir. 1997); *In re Xebec* 147 B.R. 518, 524 (B.A.P. 9th Cir. 1992). The court has broad discretion under section 329(b) to disallow and require disgorgement of attorney compensation found to be excessive. *In re Clark,* 223 F3d 859, 863 (8th Cir. 2000).

Under all the circumstances of this case, the attorney's fees of $899 are excessive in light of the services rendered, and fees should be disgorged in the amount of $200. 11 U.S.C. §329(b) and Fed. R. Bankr. P. 2017; *see also* Matter of Grant, 14 B.R. 567, 569 (Bankr.S.D.N.Y.1981) - "Where an attorney in a bankruptcy case fails to perform competently and efficiently those legal services for which a debtor has contracted, it is appropriate for the Court to review the compensation arrangement and, among other things, to direct a remittance to the debtor in a no-asset Chapter 7 case."

WHEREFORE, based on the above, the United States Trustee respectfully requests that this Court review the fees of Carl A. Lux and, if paid, be disgorged to the Debtor in the amount of $200. If no fees have been paid to Lux, the amount owing to Lux should be reduced by $200. The United States Trustee requests such other and further relief as is just and proper.

DATED: February 9, 2011

Respectfully submitted,

Mark L. Pope
Assistant United States Trustee

By: /S/ _____
      Gregory S. Powell

Attorney for August B. Landis,
Acting United States Trustee

Direct phone: 559-487-5002 x225
E-mail: Greg.Powell@usdoj.gov